**BARSHAY SANDERS, PLLC**
Craig B. Sanders (Fla Bar 0985686)
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@barshaysanders.com
*Attorneys for Plaintiff*
File No.: 122422

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| Circled Wagons Management LLC d/b/a ABQ Raw,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>Concealed Nation, LLC.,<br><br>　　　　　Defendant.<br>_____/ | Case No:<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Circled Wagons Management LLC d/b/a ABQ Raw ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against Defendant Concealed Nation, LLC. ("*Defendant*") states and alleges as follows:

### INTRODUCTION

1. This action seeks to recover damages for copyright infringement and the violation of the DMCA for the removal of copyright management information.

2. Plaintiff herein creates videos and owns the rights to these images which Plaintiff licenses to various publications.

3. Plaintiff has obtained U.S. copyright registrations covering many of Plaintiff's videos and many others are the subject of pending copyright applications.

4. Defendant owns and operates a website known as concealednation.org (the "*Website*").

5. Defendant, without permission or authorization from Plaintiff actively copied,

stored, and/or displayed still images from Plaintiff's Video on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

6. Plaintiff Circled Wagons Management LLC d/b/a ABQ Raw is a New Mexico Limited Liability Company with a principal place of business at 1330 San Pedro NE, Albuquerque, New Mexico 87110 in Bernalillo County.

7. On information and belief, Defendant Concealed Nation, LLC., is a Florida Limited Liability Company with a principal place of business at 4683 Winston Lane North, Sarasota in Sarasota County, Florida and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9. This Court has personal jurisdiction over Concealed Nation, LLC. because it maintains its principal place of business in Florida.

10. Venue is proper under 28 U.S.C. §1391(a)(2) because Concealed Nation, LLC. does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

11. Plaintiff is the legal and rightful owner of videos which Plaintiff licenses to publications.

12. Plaintiff has invested significant time and money in building Plaintiff's portfolio.

13. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's videos while many others are the subject of pending copyright applications.

14. Plaintiff's videos are original, creative works in which Plaintiff owns protectable copyright interests.

BARSHAY SANDERS, PLLC

2

15.     The Website is a popular and lucrative commercial enterprise.

16.     The Website is monetized in that it contains paid advertisements and, on information and belief, Defendant profits from these activities.

17.     On June 16, 2020, Plaintiff authored a video of Don Onate (La Jornada sculpture) Shooting in New Mexico (the "*Video*"). Copies of the still images from the Video are attached hereto collectively as Exhibit 1.

18.     Plaintiff applied to the USCO to register the Video on June 18, 2020 under Application No. 1-8940661341.

19.     The Video was registered by USCO on June 18, 2020 under Registration No. PA 2-255-843.

20.     On September 2, 2020, Plaintiff observed a still image taken from the Video on the Website in a story dated June 18, 2020, entitled "Jumping The Gun: Shooting Charges Dropped In Incident At NM Statue Protest, But The Story Is Far From Over." A copy of a screengrab of the Website including the same still image taken from the Video is attached hereto as part of Exhibit 2.

21.     The still image taken from the Video was displayed at URL: https://concealednation.org/2020/06/jumping-the-gun-shooting-charges-dropped-in-incident-at-nm-statue-protest-but-the-story-is-far-from-over/ and was stored at URL: https://concealednation.org/wp-content/uploads/2020/06/ScreenHunter_3438-Jun.-18-14.30-728x381.jpg.

22.     On September 2, 2020, Plaintiff further observed a second still image taken from the Video on the Website in a story dated June 16, 2020, entitled "Video Shows Shooting That Happened In New Mexico During Statue Incident And It's a Mess." A copy of a screengrab of Website including the second still image is attached hereto as part of Exhibit 2.

23.     The second still image taken from the Video was displayed at URL: https://concealednation.org/2020/06/jumping-the-gun-shooting-charges-dropped-in-incident-at-nm-statue-protest-but-the-story-is-far-from-over/.

24. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and/or displayed still images from Plaintiff's copyright protected Video as set forth in Exhibit 1 which is annexed hereto and incorporated in its entirety herein, on the Website.

25. On information and belief, the still images from Plaintiff's Video were copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter the "*Infringements*").

26. The Infringements include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.* 508 F.3d 1146, 1160 (9th Cir. 2007).

27. The Infringements are an exact copy taken from Plaintiff's original Video that was directly copied and stored by Defendant on the Website.

28. On information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to the still images from Plaintiff's Video.

29. On information and belief, Defendant directly contributes to the content posted on the Website by, inter alia, directly employing reporters, authors and editors as its agents, including but not limited to Brandon Curtis who is listed on Defendant's Website as an author ("*Employees*").

30. On information and belief, at all material times the Employees were acting within the course and scope of their employment when they posted the Infringements.

31. On information and belief, at all material times the Employees were acting within the course and scope of their agency when they posted the Infringements.

32. On information and belief, the still images from Plaintiff's Video were willfully

BARSHAY SANDERS, PLLC

and volitionally posted to the Website by Defendant.

33. On information and belief, Defendant is not registered with the United States Copyright Office pursuant to 17 U.S.C. §512.

34. On information and belief, the Infringements were not posted at the direction of a "user" as that term is defined in 17 U.S.C. §512(c).

35. On information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendant.

36. On information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States Copyright Laws.

37. On information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

38. On information and belief, Defendant monitors the content on its Website.

39. On information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

40. On information and belief, the Infringements increased traffic to the Website and, in turn, caused Defendant to realize an increase its advertising revenues and/or merchandise sales.

41. On information and belief, a large number of people have viewed the unlawful copies of the still images from Plaintiff's Video on the Website.

42. On information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

43. Defendant's use of the still images from Plaintiff's Video, if widespread, would harm Plaintiff's potential market for the Video.

BARSHAY SANDERS, PLLC

44. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

45. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

46. The Video is an original, creative work in which Plaintiff owns a valid copyright properly registered with the United States Copyright Office.

47. Plaintiff has not licensed Defendant the right to use the still images from Plaintiff's Video in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Defendant.

48. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

49. Defendant's reproduction of the still images from Plaintiff's Video and display of the still images on the Website constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

50. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Video in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique still images from Plaintiff's Video without Plaintiff's consent or authority, by using the still images in the infringing articles on the Website.

51. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant

in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c).

52. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

53. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## SECOND COUNT
### (Falsification, Removal and Alteration of Copyright Management Information 17 U.S.C. § 1202)

54. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

55. Upon information and belief, Defendant knew that Plaintiff created and held rights to the Video because *inter alia*, the source of the Video that Defendant used to make its infringing copy specifically attributed the Video to Plaintiff by watermark or video credit.

56. Upon information and belief, in its article on the Website, Defendant copied the still images from the Video from https://www.facebook.com/abqraw/videos/578681816407150/?__xts__[0]=68.ARClAMVtq3ILkfNFcdR36U2gfelaJNPSE--jKjj_4xCcrW-TIVfdesuKroVHo55Nf9YebPQJwIFtjpVQYS-4pxrxB2IIH-53rENCOxtok8z6rC_AIMEtBiEG9HPecJw8k3OGjXGiqkI5XVfnUY_-8pKTL5sy3jdt0U07FFq__dkVtKIRoeLntppFM7q9l5RFUMCISv46-Qqh-w14zKVgXWZl04CYvozX1eMH6iTt7S06HiY4rzS_3n7-XSwdBL9t7B55kcSMrZBA6y1zpmOS2nh4Aa5wnk9TDBOK8nCV7Tp9rALz_EAR0gp_VKPqcmp_FTyGsqc818MUjspPQNxieBTdhEMZ0GHxMb4 which contained watermarks on the top right, and bottom left and right sides of the Video stating "ABQRAW," the owner and author of the Video. The caption of the Video source also stated "***FOR LICENCING OF THE VIDEO ATTACHED, CONTACT US AT abqraw505@gmail.com THIS VIDEO IS

BARSHAY SANDERS, PLLC

COPYRIGHTED." A copy of a screengrab of the original Video source is attached hereto as Exhibit 3.

57. Upon information and belief, Defendant intentionally removed copyright management information related to the Video with the intent to induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act. Specifically, Defendant purposefully failed to include the watermark or video credit originally conveyed with the Video in order to mislead the public into believing that Defendant either owned the still images from the Video or had legitimately licensed them for use in the Infringements. Upon information and belief, in addition to removing the watermark and video credit, Defendant also removed the metadata from the Video.

58. In addition, Defendant displayed the unauthorized still images of the Video knowing the copyright management information had been removed.

59. Defendant's conduct violates 17 U.S.C. § 1202(a) and 1202(b).

60. Upon information and belief, Defendant's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

61. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Defendant intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Video. Defendant also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Video.

62. Plaintiff has sustained significant injury and monetary damages as a result of Defendant's wrongful acts as hereinabove alleged, and as a result of being involuntarily associated with Defendant in an amount to be proven.

63. Alternatively, Plaintiff may elect to recover from Defendant statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation

of 17 U.S.C. § 1202.

## JURY DEMAND

64.     Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Video in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

a. finding that Defendant infringed Plaintiff's copyright interest in the Video by copying and displaying still images from the Video without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an award of actual damages or, in the alternative, statutory damages against each Defendant in an amount up to $25,000.00 for each falsification or removal of copyright management information pursuant to 17 U.S.C. § 1202;

d. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

e. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

f. for pre judgment interest as permitted by law; and

g. for any other relief the Court deems just and proper.

DATED: July 6, 2021

                    **BARSHAY SANDERS, PLLC**

                    By:   */s/ Craig B. Sanders*
                    Craig B. Sanders, Esq. (Fla Bar 0985686)
                    100 Garden City Plaza, Suite 500
                    Garden City, NY 11530
                    Tel: (516) 203-7600
                    Email: csanders@barshaysanders.com
                    *Attorneys for Plaintiff*
                    File No.: 122422

BARSHAY SANDERS, PLLC